PD-1099-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/24/2015 3:00:02 PM
Accepted 8/25/2015 5:33:17 PM
ABEL ACOSTA
CLERK

PD-1099-15

NO. _____

# IN THE
# COURT OF CRIMINAL APPEALS
# OF TEXAS

### EX PARTE: JESUS ARANDA LUJAN

### PETITION FOR DISCRETIONARY REVIEW

### FROM THE COURT OF APPEALS, EIGHTH DISTRICT OF TEXAS
### CAUSE NUMBER 08-13-00298-CR

FILED IN
COURT OF CRIMINAL APPEALS

August 25, 2015

ABEL ACOSTA, CLERK

**STEPHEN W. SPURGIN**
**Attorney at Law**
**Texas Bar No. 18974350**
**310 North Mesa, Suite 300**
**El Paso, Texas 79901**
**T (915) 779-2800**
**F (915) 779-2801**
**steve@spurginlaw.com**
*Attorney for Petitioner/Appellant*
**Jesus Aranda Lujan**

**Oral Argument Requested**

## IDENTITY OF JUDGE, PARTIES AND COUNSEL
### Tex. R. App. Proc., Rule 68.4(a)

Jesus Lujan-Aranda
*Petitioner/Appellant*

*Counsel for Post-Conviction Writ/Appeal*
Steve Spurgin
Attorney at Law
310 North Mesa, Suite 300
*Cortez on the Plaza*
El Paso, Texas 79901

*Trial Counsel:*
J.W. Johnson
Attorney at Law
228 West Harris Avenue
San Angelo, Texas 76903


The State of Texas
*Respondent/Appellee*

Arvel R. (Rod) Ponton
83rd District Attorney
400 South Nelson Street
Fort Stockton, Texas 79735

Donald McCarthy
Asst. District Attorney
400 South Nelson Street
Fort Stockton, Texas 79735

Trial/Habeas Judge

Robert E. Cadena, Judge
83rd Judicial District Court
400 North Nelson
Fort Stockton, Texas 79735

i

# TABLE OF CONTENTS

IDENTITY OF JUDGE, PARTIES AND COUNSEL ..................................................i

INDEX OF AUTHORITIES..............................................................................ii

STATEMENT REGARDING ORAL ARGUMENT...............................................1

STATEMENT OF THE CASE..........................................................................1

STATEMENT OF PROCEDURAL HISTORY.......................................................1

GROUND FOR REVIEW.............................................................................2

> The Court of Appeals violated due process of law by failing to provide Petitioner the opportunity to address the habeas court's findings, conclusions, and plea counsel's affidavit when it denied Petitioner's motion for rehearing and Petitioner's writ relief.

ARGUMENT...............................................................................................3

PRAYER....................................................................................................7

CERTIFICATE OF SERVICE............................................................................8

CERTIFICATE OF COMPLIANCE....................................................................8

APPENDIX

> Appellant's Brief to Court of Appeals ...................................................Exh. A
> Court of Appeals December 12, 2014 Remand Order ...............................Exh. B
> Court of Appeals Opinion June 12, 2015................................................Exh. C
> Appellant's Motion for Rehearing.........................................................Exh. D
> Court of Appeals Order Denying Rehearing July 15, 2015..........................Exh. E
> Clerk's 4th Supplemental Record...........................................................Exh. F
> Clerk's 5th Supplemental Record...........................................................Exh. G

# INDEX OF AUTHORITIES

**Cases**                                                                                 **Page(s)**

*Ex parte Blanca Ramirez*,
  08-11-00073-CR, 2012 WL 3113140 (Aug. 1, 2012) ................................................... 6

*Ex parte de Los Reyes*,
  350 S.W.3d 723, 730 (Tex. App.—El Paso 2011) .................................................. 5

*Ex parte Jesus Aranda Lujan*,
  No. 08-13-00298-CR, 2015 WL 3646662 ......................................................... 1

*New Mexico v. Favela*,
  343 P.3d 178, 184, 2015 NMSC 005 (2015) ...................................................... 6

*Padilla v. Kentucky*,
  559 U.S. 356 (2010).............................................................................. passim

*Strickland v. Washington*,
  466 U.S. 668 (1984).............................................................................. passim

*United States v. Urias-Marrufo*,
  744 F.3d 361, 369 (5th Cir. 2014) ................................................................. 6

**Constitution, Statutes and Rules**

U.S. Const., Amend. V..................................................................................1,2

U.S. Const., Amend. XIV................................................................................1,2

Tex. Const. art. 1, sec. 20..............................................................................1.2

8 U.S.C. § 1101(a)(43)(a)................................................................................3

8 U.S.C. § 1227(a)(2)(A)(iii)...........................................................................3

Texas Code of Criminal Procedure,
  Article 11.072 .......................................................................................... 1

Texas Rules of Appellate Procedure,
  Rule 68.4(a) ............................................................................................. i

**Secondary Sources**

16A C.J.S. *Constitutional Law* § 567 .................................................................. 6

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

JESUS ARANDA LUJAN, Appellant in the proceeding below and Petitioner herein, requests this Court to grant discretionary review, to wit:

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner requests oral argument because such will assist the Court in fully addressing the deprivation of due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 20 of the Texas Constitution.

## STATEMENT OF THE CASE

The El Paso Court of Appeals violated Petitioner's due process rights, protected under the 5th and 14th Amendments to the U.S. Constitution and Article 1, Section 20 of the Texas Constitution when it denied Petitioner's Motion for Rehearing. Appendix – Exh. D. Petitioner's basis for rehearing is that the Court of Appeals issued an opinion based virtually entirely upon supplemental documents created after the submission of Petitioner's brief and reply brief, denying Petitioner the opportunity to be heard and challenge their applicability, if at all, to relief sought by Petitioner. Appendix – Exhs. C-G.

## STATEMENT OF PROCEDURAL HISTORY

Petitioner filed a post-conviction writ under Article 11.072 of the Texas Code of Criminal Procedure because plea counsel did not inform Petitioner of the "succinct, clear and explicit" immigration consequences of his pleading guilty to an aggravated felony.

1

*Padilla v. Kentucky*, 559 U.S. 356, 368-69 (2010). Petitioner also claimed that he suffered prejudice under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Appendix – Exh. A.

The habeas court held a hearing and denied Petitioner's relief. Petitioner timely appealed the trial court's decision denying relief to the Eighth Court of Appeals on October 8, 2013. Petitioner timely filed his brief on January 8, 2014. Appendix – Exh. A. The appellate court remanded the case to the trial court to make findings of fact and conclusions of law and to order Petitioner's trial counsel to submit an affidavit. Appendix – Exh. B. After receipt of the supplemental record, Appendix – Exhs. F-G, on June 12, 2015, the Eighth Court of Appeals affirmed the trial court's judgment denying Petitioner's application for a writ of habeas corpus. Appendix – Exh. C. Because Petitioner did not have the opportunity to respond to the supplemental record which was created after Petitioner briefed the issues, Petitioner filed a Motion for Rehearing. Appendix – Exh. D. On July 15, 2015, the Court of Appeals denied the motion for rehearing. Appendix – Exh. E.

## GROUND FOR REVIEW

**The Court of Appeals violated due process of law by failing to provide Petitioner the opportunity to address the habeas court's findings, conclusions, and plea counsel's affidavit — created *after* Petitioner filed his briefs to the Court of Appeals — in denying Petitioner's motion for rehearing and the writ relief.**

2

## ARGUMENT

The Eighth Court of Appeals' decision to deny Petitioner's ineffective assistance of counsel claim was based on documents created *after* Petitioner timely submitted his briefs. The deprivation of the opportunity to respond to the supplemental record, ordered by the Court of Appeals, and consisting of new documents never even presented to Petitioner prior to the filing of his opening brief or reply brief violates due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 20 of the Texas Constitution.

Petitioner, a long-time lawful permanent resident of the United States and a citizen and national of Mexico, pleaded guilty to a sex crime against a child for which deportation is automatic. *See* 8 U.S.C. §§ 1101(a)(43)(A),[1] 1227(2)(A)(iii).[2]

After Petitioner was placed in deportation proceedings, he filed a post-conviction writ under Article 11.072 because plea counsel did not inform him of the "succinct, clear and explicit" immigration consequences of his pleading guilty to an aggravated felony. *Padilla v. Kentucky,* 559 U.S. 356, 368-69 (2010). Petitioner also claimed that he suffered prejudice under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

At the habeas hearing, the habeas judge articulated his denial of the writ based on only on the first prong of the *Strickland* analysis, i.e., holding that the performance of Petitioner's plea counsel was not constitutionally deficient.

---

[1] Defining an aggravated felony as "murder, rape or sexual abuse of a minor." 8 U.S.C. 1101(a)(43)(A).
[2] "Aggravated felony. – Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii).

3

The Court: Okay. The Court is going to deny the relief that you have requested. I think the Court is only in the position to advise of the possible consequences of an immigration plea in a case like this. ... Your argument with me is that defense counsel would have to absolutely understand every nuance of the immigration law, and understand what would occur, and as to that, all they can do is just advise as to the possibilities, because those laws are always being construed. You can never predict with certainty what is going to happen in these type of cases.

RR 35-35.

The habeas court did not address *Strickland's* prejudice prong at the hearing and entered an order simply denying relief.

Petitioner appealed and submitted a brief to the Court of Appeals citing this single ground concerning plea counsel's deficient performance. *See* Appendix – Exh. A. at ii, 1.

The State filed its brief and the Appellant submitted his reply brief. After these submissions, the Court of Appeals remanded and ordered the habeas court to enter findings of fact and conclusions of law and for Petitioner's plea counsel to submit an affidavit. *See* Appendix – Exh. B.

Thereafter, the Court of Appeals received the Clerk's 4th Supplemental Record – the affidavit of plea counsel, and the Clerk's 5th Supplemental Record – the trial court's findings of fact and conclusions of law. Appendix – Exhs. F-G. Based upon such, the Court of Appeals held that Petitioner had not met his burden to show prejudice under the

4

standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) and reserved "for another day" the issue of whether defense counsel must comply with the mandate of the United States Supreme Court that accurate immigration advice must be communicated to a non-citizen defendant when the consequences of pleading guilty "are succinct, clear and explicit in defining the removal consequences" of the defendant's plea. *Padilla*, 559 U.S. at 368-69.

To be clear, the habeas court did not address the prejudice prong in its initial order denying Petitioner's post-conviction writ. RR 34-35. The habeas court did not address "prejudice" until it submitted, pursuant to the Court of Appeals remand order, its findings, conclusions and plea counsel's affidavit. *See* Appendix – Exh. D, Motion for Rehearing at 1-5. The habeas court never addressed the Court of Appeals' precedential decision that "[D]eprivation of a trial is a structural defect, which amounts to a serious denial of the entire judicial proceeding itself, and it demands a presumption of prejudice." *Ex parte de Los Reyes*, 350 S.W.3d 723, 730 (Tex. App.—El Paso 2011) *rev'd, Ex Parte de Los Reyes*, 392 S.W.3d 675 (Tex. Crim. App. 2013) (holding that *Padilla* is not retroactive). The State wholly failed to rebut this presumption at the habeas hearing. RR 30-32. But these issues were not fully briefed prior to the adverse opinion because Petitioner was not given the opportunity. "In a judicial context, due process requires a proceeding 'adopted to the nature of the case, in which the party has an opportunity to be heard and to defend, enforce and protect his rights.'" 16A C.J.S. Constitutional Law § 567. Due process requires remand to the Court of Appeals for Petitioner to present his

authorities and argument in support of his post-conviction writ *vis a vis* the supplemented records and adverse writ decision.

Had Petitioner been given the opportunity, he would have established the following without limitation: that a trial court's immigration advice – or required admonishment – is not dispositive in the *Padilla/Strickland* analysis. *See United States v. Urias-Marrufo*, 744 F.3d 361, 369 (5th Cir. 2014) (holding that under *Padilla*, "It is counsel's duty, not the court's, to warn of certain immigration consequences, and counsel's failure cannot be saved by a plea colloquy."); *see also New Mexico v. Favela*, 343 P.3d 178, 184, 2015 NMSC 005 (2015) (holding that a judicial warning made during a plea colloquy about the immigration consequences of the plea is insufficient to cure counsel's deficient performance and cannot by itself cure the prejudice that results therefrom). Petitioner would have also proven that while "might" or "maybe" or "probably not" are terms encompassed within the range of possible outcomes (as opposed to the mandatory immigration consequences resulting from his guilty plea), they do not, without any determination of the demeanor of the affiants consideration of the situs in which the statements were made, support an adverse credibility determination by a habeas court. The habeas court did not evaluate the demeanor of Petitioner who was detained in an immigration prison at the time of the hearing. Nor did the habeas court evaluate that of trial counsel, who did not testify at the habeas hearing. *See Ex parte Blanca Ramirez*, 2012 WL 3113140 (Tex. App.—El Paso, 2012) ("the trial court expressed concerns about the admonishments given by [trial counsel] and found that Appellee was given incorrect legal advice."). The Court of Appeals did not provide

6

Petitioner the opportunity to brief these issues prior to the court's opinion affirming the habeas court's denial of his post-conviction writ.

Due process demands an opportunity for Petitioner to present his authorities and argument in support of his post-conviction writ.

## PRAYER FOR RELIEF

FOR THESE REASONS, Jesus Aranda Lujan, Petitioner, prays that this Honorable Court grant this petition for discretionary review, grant oral argument, and upon reviewing the judgment entered below, reverse the judgment of the Court of Appeals and remand the case for further consideration. Petitioner prays for general relief.

Respectfully submitted,

*/s/Steve Spurgin*
**STEVE SPURGIN**
Texas Bar No. 18974350
Post Office Drawer 1471
Marfa, Texas 79843
T (432) 729-3731
F (432) 729-3730
E steve@spurginlaw.com

El Paso Office:
8300 Montana Ave.
El Paso, Texas 79925
T (915) 779-2800
F (915) 779-2801
E steve@spurginlaw.com

*Attorney for Petitioner/Appellant*
*Jesus Aranda Lujan*

7

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 24th day of August 2015 a copy of the foregoing petition for discretionary review was sent by U.S. Mail and electronic service to Arvel R. (Rod) Ponton, 83rd District Attorney, 400 South Nelson, Fort Stockton, Texas 79736 and at rod.83rd@att.net.

*/s/Steve Spurgin*
STEVE SPURGIN

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing consists of 1,627 words according to the Word Count program on Microsoft Word and is typed in 13-point Times New Roman font.

*/s/Steve Spurgin*
STEVE SPURGIN

8

# APPENDIX

# BRIEF OF APPELLANT



PETITIONER'S
EXHIBIT

A

# Case No. 08-13-00298-CR

In the
## COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
*El Paso, Texas*

## EX PARTE:
## JESUS ARANDA LUJAN,
*Appellant,*

Appeal from the 83rd District Court
of Pecos County, Texas
Trial Court Cause No. P-2936-83-CR

## BRIEF OF APPELLANT

**STEVE SPURGIN**
Attorney at Law
Texas Bar No. 18974350
Post Office Drawer 1471
Marfa, Texas 79843
T 432.729.3731
F 432.729.3730
steve@spurginlaw.com
***Attorney for Appellant,***
***Jesus Aranda Lujan***

**Oral Argument Requested**

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Rule 38.1(a) of the Texas Rules of Appellate Procedure, the undersigned counsel of record certifies the identities of the parties and counsel.

| *Parties* | *Writ and Appellate Counsel* |
|---|---|
| Jesus Aranda Lujan<br>*Appellant* | Steve Spurgin<br>Attorney at Law<br>Post Office Drawer 1471<br>Marfa, Texas 79843 |
| The State of Texas<br>*Respondent/Appellee* | Arvel R. (Rod) Ponton<br>83rd District Attorney<br>Donald McCarthy<br>Asst. District Attorney<br>400 South Nelson Street<br>Fort Stockton, Texas 79735 |
| Trial Court | Robert E. Cadena<br>83rd District Judge<br>Fort Stockton, Texas |

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL...............................................i

INDEX OF AUTHORITIES..............................................................iii

STATEMENT OF THE CASE............................................................1

REQUEST FOR ORAL ARGUMENT.....................................................1

POINT OF ERROR ......................................................................1

> The Habeas Court erred in finding that plea counsel's performance was constitutionally sufficient under *Padilla v. Kentucky*.

STATEMENT OF THE FACTS............................................................1

SUMMARY OF THE ARGUMENT.......................................................3

ARGUMENT............................................................................3

PRAYER.................................................................................12

CERTIFICATE OF SERVICE...........................................................14

# INDEX OF AUTHORITIES

**Cases**  **Page(s)**

*Ex parte De Los Reyes,*
350 S.W.3d 723 (Tex.App.-El Paso 2011, pet. granted) .............................. 5, 8, 9

*Ex parte Morrow,*
952 S.W.2d 530 (Tex.Crim.App.1997) .................................................................4

*Ex parte Pool,*
738 S.W.2d 285 (Tex.Crim.App.1987) .................................................................4

*Hill v. Lockhart,*
474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) ...............................................4

*In Re The State,*
No. 08-09-00181-CR, 2010 WL 335630 (Tex.App.-El Paso 2010) ......................10

*In the Matter of Pedro Rodriguez-Rodriguez,*
22 I&N Dec. 991 (BIA 1999) ...........................................................................8

*Moosa v. INS,*
171 F.3d 994, 1007 (5th Cir. 1999) ...................................................................5

*Padilla v. Kentucky,*
559 U.S. 356, 130 S.Ct. 1473 (2010) ........................................................... passim

*Rosales v. State,*
4 S.W.3d 228 (Tex.Crim.App.1999) .................................................................4

*Salazar v. State,*
361 S.W.3d 99 (Tex.App.-Eastland 2011, no pet.) ...................................... passim

*Strickland v. Washington,*
466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed2d. 674 (1984) .............................. 3, 4, 5

**Constitutional Provisions**

U.S. Const. amend. VI............................................................11

U.S. Const. amend. XIV..........................................................11

**United States Code**

8 U.S.C. §1227(a)(2)(A)(iii)........................................................3

8 U.S.C. § 1226(c)..................................................................3

8 U.S.C. § 1227(a)(2)(A)(iiii).......................................................5

8 U.S.C. § 1101(a)(43)(A)......................................................3, 5, 9

8 U.S.C. § 1101(a)(48)...............................................................5

18 U.S.C. §2242..................................................................8, 9

18 U.S.C. §2243..................................................................8, 9

18 U.S.C. §2246..................................................................8, 9

18 U.S.C. §3509(a)...............................................................8, 9

18 U.S.C. §2242..................................................................8, 9

8 U.S.C. § 1229b(a)................................................................9

**Texas Statutes and Rules**

Article 11.072 of the Texas Code of Criminal Procedure..........................1, 2

Article 22.021(a)(2)(B) of the Texas Penal Code ...........................2, 6, 8, 9

## STATEMENT OF THE CASE

This is an appeal of the habeas court's denial of a post-conviction writ brought pursuant to Article 11.072 of the Texas Code of Criminal Procedure and the United States Supreme Court's holding in *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). CR 034, 047, 077, 079.[1]

## REQUEST FOR ORAL ARGUMENT

Appellant requests oral argument pursuant to Rule 38.1(e) of the Texas Rules of Appellate Procedure.

## POINT OF ERROR

> The Habeas Court erred in finding that plea counsel's performance was constitutionally sufficient under *Padilla v. Kentucky*.

## STATEMENT OF THE FACTS:
## THE HABEAS RECORD EVIDENCE

Jesus Aranda Lujan, also known as Jesus Lujan Aranda, Applicant in the proceeding below and Appellant herein, (hereinafter "Jesus" or "Applicant") files an appeal from a denial of a writ of habeas corpus brought pursuant to Article 11.072 of the Texas Code of Criminal Procedure. CR 079. Jesus is a native and

---

[1] Throughout this brief, references to the record will be made as follows: references to the clerk's record will be made as "CR" and page number; references to the reporter's record will be made as "RR" and volume and page number.

1

citizen of Mexico and a lawful permanent resident of the United States since February 21, 1983.[2] CR 043.

On August 25, 2010, Jesus was indicted for Aggravated Sexual Assault of a Child, in violation of Article 22.021(a)(2)(B) of the Texas Penal Code, a first degree felony. CR 002. On February 2, 2011, Jesus entered into a plea agreement negotiated by his retained counsel and pled no contest to the single charge in the indictment in exchange for a deferred adjudication/community supervision of six (6) years. CR 047.

Thereafter, Jesus was placed in deportation proceedings, and prohibited from obtaining bail,[3] by the Department of Homeland Security. The no contest plea and deferred adjudication is an aggravated felony conviction subjecting him to mandatory removal from the United States. CR 043. Jesus filed a post-conviction writ under Article 11.072 of the Texas Code of Criminal Procedure pursuant to *Padilla v. Kentucky*. CR 034. Jesus sought to vacate the conviction because his plea counsel did not advise him of the "succinct, clear and explicit"[4] deportation consequences of the plea.[5] CR 035, 037. On June 6, 2013, Jesus was removed by the immigration court and ordered returned to Mexico. CR 118.

---

[2] Jesus obtained his lawful permanent status through consular processing
[3] See 8 U.S.C. § 1226(c).
[4] *See Padilla, supra*, 559 U.S. at 368.
[5] Jesus told defense counsel that he was a lawful permanent resident and not a citizen of the United States. CR 055-059. Jesus accepted the plea bargain in reliance on his attorney's advice

2

On October 2, 2013, after a hearing on the writ, the 83rd District Court denied relief, finding that "you can never predict with certainty what can happen in these type cases." RR 35, CR 077. The habeas court did not rule on the applicability of the second prong, prejudice, under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed2d. 674 (1984).

## SUMMARY OF THE ARGUMENT

The Habeas Court erred in finding that Jesus' plea counsel's performance was constitutionally sufficient. Plea counsel was ineffective pursuant to *Padilla* and *Salazar v. State*, 361 S.W.3d 99 (Tex.App.-Eastland 2011, no pet.) in that he failed to advise Jesus of the certain adverse immigration result (deportation and banishment for life) for pleading no contest to Aggravated Sexual Assault of a Child.

## ARGUMENT

### THE HABEAS COURT ERRED IN FINDING THAT PLEA COUNSEL'S PERFORMANCE WAS CONSTITUTIONALLY SUFFICIENT UNDER *PADILLA V. KENTUCKY*.

The standard of testing claims of ineffective assistance of counsel is set out in *Strickland v. Washington*. To prevail on this claim, an appellant must prove by

---

that his immigration status "might" be affected. CR 055-058, 128. Defense counsel stated at the plea hearing, "I did advise you that you might be sent to deportation by INS if something comes up with regards to this; Is that correct?" CR 128. However, the law is "succinct, clear and explicit"[5] that Jesus **would**, not "might" be subject to deportation because the crime is an aggravated felony. *See* 8 U.S.C. §§ 1101(a)(43)(A), 1227(a)(2)(A)(iii).

3

a preponderance of the evidence that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052; *Rosales v. State,* 4 S.W.3d 228, 231 (Tex.Crim.App.1999).

The two-pronged test of *Strickland* applies to guilty pleas. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Ex parte Pool,* 738 S.W.2d 285, 286 (Tex.Crim.App.1987). The voluntariness of the plea depends (1) on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases, and if not, (2) on whether there is a reasonable probability that, but for counsel's errors, appellant would not have entered his plea and would have insisted on going to trial. *Hill,* 474 U.S. at 59, 106 S.Ct. at 366; *Ex parte Morrow,* 952 S.W.2d 530, 536 (Tex.Crim.App.1997).

In this case, only the first *Strickland* prong was addressed by the Habeas Court and, therefore, is addressed in this appeal.

In *Padilla v. Kentucky,* the United States Supreme Court held that whether defense counsel's failure to inform his non-citizen client regarding the potential immigration consequences of a guilty plea constituted ineffective assistance of counsel under the *Strickland* standard. *See Padilla,* 559 U.S. at 368-369. The Court concluded that in circumstances where the applicable immigration laws are "succinct and straightforward," the *Strickland* standard requires defense counsel to

4

inform the defendant whether the plea carried with it a risk of deportation. *See id.* By the same token, however, the Court recognized that immigration law in the United States is both complex and fluid, and specified that if the law in a particular circumstance was "not succinct and straightforward," defense counsel is only required to advise the defendant that a guilty plea could have adverse consequences in terms of immigration. *See id.,* 559 U.S. at 369. From the Court's discussion it is clear that regardless of the complexity of the immigration law involved, a complete failure by defense counsel to inform or advise a defendant regarding the potential effect on his immigration status constitutes a deficient performance under the first prong of *Strickland. See id; see also Ex parte De Los Reyes,* 350 S.W.3d 723, 730 (Tex. App.—El Paso 2011) *rev'd,* on other grounds, *Ex Parte De Los Reyes,* 392 S.W.3d 675 (Tex. Crim. App. 2013).

A deferred adjudication is a "conviction" for purposes of immigration law. *See* 8 U.S.C. § 1101(a)(48); *Moosa v. INS,* 171 F.3d 994, 1007 (5th Cir. 1999). "Any alien who is convicted of an aggravated felony at any time after admissions is deportable." 8 U.S.C. § 1227(a)(2)(A)(iiii). "The term 'aggravated felony' means – (A) murder, rape, or sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A).

The indictment alleged that "Jesus Aranda Lujan, on or about March 25, 2009 ... did then and there intentionally or knowingly cause the penetration of the sexual organ of Marissa Trejo, a child who was then and there younger than 14

years of age and not the spouse of the defendant, with his finger and penis, AGAINST THE PEACE AND DIGNITY OF THE STATE." CR 002 . Jesus entered a no contest plea to the indictment and received deferred adjudication of six (6) years. CR 013, 121-132.

Section 22.021 of the Texas Penal Code, Aggravated Sexual Assault, states:

(a) A person commits an offense:

(1) if the person:

(A) intentionally or knowingly:
(i) causes the penetration of the anus or sexual organ of another person by any means, without that person's consent;
(ii) causes the penetration of the mouth of another person by the sexual organ of the actor, without that person's consent; or
(iii) causes the sexual organ of another person, without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor; or

(B) intentionally or knowingly:
(i) causes the penetration of the anus or sexual organ of a child by any means;
(ii) causes the penetration of the mouth of a child by the sexual organ of the actor;
(iii) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;
(iv) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or

6

(v) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor; and

(2) if:

(A) the person:

(i) causes serious bodily injury or attempts to cause the death of the victim or another person in the course of the same criminal episode;

(ii) by acts or words places the victim in fear that any person will become the victim of an offense under Section 20A.02(a)(3), (4), (7), or (8) or that death, serious bodily injury, or kidnapping will be imminently inflicted on any person;

(iii) by acts or words occurring in the presence of the victim threatens to cause any person to become the victim of an offense under Section 20A.02(a)(3), (4), (7), or (8) or to cause the death, serious bodily injury, or kidnapping of any person;

(iv) uses or exhibits a deadly weapon in the course of the same criminal episode;

(v) acts in concert with another who engages in conduct described by Subdivision (1) directed toward the same victim and occurring during the course of the same criminal episode; or

(vi) administers or provides flunitrazepam, otherwise known as rohypnol, gamma hydroxybutyrate, or ketamine to the victim of the offense with the intent of facilitating the commission of the offense;

(B) the victim is younger than 14 years of age; or

(C) the victim is an elderly individual or a disabled individual.

7

(b) In this section:

    (1) "Child" has the meaning assigned by Section 22.011(c).

    (2) "Elderly individual" and "disabled individual" have the meanings assigned by Section 22.04(c).

(c) An aggravated sexual assault under this section is without the consent of the other person if the aggravated sexual assault occurs under the same circumstances listed in Section 22.011(b).

(d) The defense provided by Section 22.011(d) applies to this section.

(e) An offense under this section is a felony of the first degree.

(f) The minimum term of imprisonment for an offense under this section is increased to 25 years if:

    (1) the victim of the offense is younger than six years of age at the time the offense is committed; or

    (2) the victim of the offense is younger than 14 years of age at the time the offense is committed and the actor commits the offense in a manner described by Subsection (a)(2)(A).

Tex. Pen. Code Ann. § 22.021 (Vernon)

The term "sexual abuse of a child" is defined in 18 U.S.C. §§2242, 2243, 2246, and 3509(a). Under 18 U.S.C. §§2242 and 2243, the crimes of "sexual abuse" and "sexual abuse of a ward or minor," require a sexual act, a component of

8

which, according to 18 U.S.C. § 2246, is contact. *See Matter of Pedro Rodriguez-Rodriguez*, 22 I&N Dec. 991 (BIA 1999).

Clearly for Jesus, as for the applicants in *Padilla* and *De Los Reyes*, plea counsel could easily have determined that Jesus' plea would make him eligible for deportation "simply from reading the text of the statute, which addresses not some broad classification of crimes but specifically commands removal "rape and sexual abuse of a minor." *Padilla.* 559 U.S. at 368-369; *De los Reyes*, 350 S.W.3d at 730.

Since 1997, immigration law allows an immigration judge to <u>one-time</u> "cancel" removal or deportation for a lawful permanent resident (such as Jesus (CR 043)) convicted of certain crimes. *See* 8 U.S.C. § 1229b(a). Such relief is "discretionary" and if granted, allows the alien to lawfully remain in the United States. The requirements are that the lawful permanent resident (1) has been lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of any aggravated felony. *See* 8 U.S.C. § 1229b(a). All three conditions must be met for the immigration judge to entertain the application. Jesus is ineligible for this relief because the plea/deferred adjudication is an aggravated felony. *See* 8 U.S.C. §§ 1101(a)(43)(A), 1101(a)(48), 18 U.S.C. §§2242, 2243, 2246, and 3509(a); Tex. Pen. Code Ann. § 22.021.

9

The Supreme Court recognized that some areas of immigration law and such consequences were unclear or uncertain and that the duty of counsel in such cases accordingly is more limited. However, "when the deportation consequence is truly clear, as it was here, the duty to give correct advice is equally clear." *Padilla*, 559 U.S. at 369.

Plea counsel's advice to Jesus is reflected in the plea colloquy: "I also advised you that you *might* be sent to deportation by INS if something comes up in regards to this; is that correct?" CR 128 (emphasis supplied). Jesus (who was detained by DHS and prevented from attending the writ hearing pursuant to *In Re The State*, No. 08-09-00181-CR, 2010 WL 335630 (Tex.App.-El Paso 2010)), stated via affidavit:

> I hired J.W. Johnson to represent me. Mr. Johnson did not advise me of the specific immigration consequences of pleading nolo contendre. I informed Mr. Johnson that I was a lawful permanent resident, not a citizen of the United States.
>
> Mr. Johnson told me that this plea probably would not affect my immigration status. I have been a lawful permanent resident of the United States for thirty years. Deportation is the most severe penalty I could have gotten as a result. Had I known I would be deported, I would have fought my case and asked for a jury trial.

CR 055.

10

Jesus' belief that the plea "probably" would not affect his immigration status is supported by plea counsel's advisory to the trial court concerning Jesus' post-plea future, for visitation with his grandchildren. "22 grandchildren. They all live here in Fort Stockton. They're all aware of the offense. They all are going to be getting in touch with probation office. They're aware he's a sexual offender and they still want him to participate in family activities and are going to petition the court for supervised visitation." CR 130.

To be clear, a criminal defense lawyer does not have to be an immigration lawyer to satisfy the Sixth and Fourteenth Amendments under *Padilla*.

> "Padilla's counsel could have easily determined that his plea would make him eligible for deportation simply from reading the text of the statute, which addresses not some broad classification of crimes but specifically commands removal for all controlled substances convictions except for the most trivial of marijuana possession offenses … [T]his is not a hard case in which to find deficiency: The consequences of Padilla's plea could easily be determined from reading the removal statute, his deportation was presumptively mandatory, and his counsel's advice incorrect."

*Padilla*, 559 U.S. at 368-369.

Jesus entered into a plea agreement that guaranteed his deportation and lifetime banishment from his family and life in his adopted nation. Plea counsel did not read the relevant immigration statutes that are "succinct, clear and explicit"

11

(*Padilla*, 559 U.S. at 368) regarding the drastic immigration consequences. Jesus in fact has now been deported as a result of the plea agreement. CR 043, 118.

In this case, plea counsel's performance was constitutionally deficient and the habeas court erred in not so finding. *See Padilla; see also Salazar v. State*, 361 S.W.3d 99, 103 (Tex.App.-Eastland 2011, no pet.)

### PRAYER

FOR THESE REASONS, Jesus Aranda Lujan, *aka* Jesus Lujan Aranda, Appellant, prays that this Honorable Court reverse the habeas court's order denying writ of habeas corpus and remand the case for proceedings consistent with this Court's opinion. Appellant prays for general relief.

Date: January 8, 2014.

Respectfully submitted,

*/s/Steve Spurgin*
**STEVE SPURGIN**
Texas Bar No. 18974350
Post Office Drawer 1471
Marfa, Texas 79843
T 432.729.3731
F 432.729.3730
E steve@spurginlaw.com

El Paso Office:
8300 Montana Ave.
El Paso, Texas 79925

12

(915) 779-2800
(915) 779-2801 FAX
Email: steve@spurginlaw.com

*Attorney for Appellant,*
*Jesus Aranda Lujan*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on 8th day of January, 2014 a copy of the foregoing brief was sent by certified mail/return receipt requested, to Arvel R. (Rod) Ponton, 83rd District Attorney, 400 South Nelson, Fort Stockton, Texas 79736 and at rod.ponton@co.pecos.tx.us.

*/s/Steve Spurgin*
**STEVE SPURGIN**

14

# APPENDIX

# ORDER-DECEMBER 12,

# 2014



PETITIONER'S
EXHIBIT

B



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-13-00298-CR |
| | § | Appeal from |
| EX PARTE: JESUS ARANDA LUJAN | § | 83rd District Court |
| | § | of Pecos County, Texas |
| | § | (TC # 2936) |

## ORDER

Jesus Aranda Lujan filed a Petition Writ of Habeas Corpus challenging a plea of nolo contendere that he entered to a charge of aggravated sexual assault of a child. The Petition was filed pursuant to TEX.CODE CRIM.PROC.ANN. art. 11.072 (West Supp. 2014) and asserts that Lujan's right to be informed of the immigration consequences of his plea, as described in *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed2d. 284 (2010), was violated. Without comment on the merits of the case, we abate the appeal and remand for clarification of the Order denying the Petition, and if appropriate, entry of findings of fact and conclusions of law.

The Petition for Writ of Habeas Corpus was filed on June 21, 2013.[1] Attached to the Petition was: the affidavit of Lujan's habeas attorney attesting to the truth of the facts as alleged in the pleading; a notice for Lujan to appear in a federal removal proceeding; an Order for Deferred Adjudication reflecting his state court plea; an Order Imposing Conditions of

---

[1] Article 11.072 refers to the pleading as an "application." We use the terms application and petition interchangeably in this Order.

Community Supervision; and his own affidavit. The matter was set for hearing on September 10, 2013.

At the hearing, the trial judge admitted additional exhibits, including the transcript of the plea hearing and the plea papers with written admonishments that Lujan acknowledged and signed at the time of the plea. At the conclusion of both sides' presentations, the trial judge stated that he was denying the Petition, and his comments suggest that materials admitted at the hearing played a role in that decision. The trial court signed a written order dated October 2, 2013 that simply recites "[u]pon hearing and considering argument from counsel for petitioner and from the State, the petition is hereby DENIED." No findings of fact or conclusions of law are in the record before us.

The Petition was filed pursuant to TEX.CODE CRIM.PROC.ANN. art. 11.072. Section 7(a) of that article provides:

> If the court determines from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous. In any other case, the court shall enter a written order including findings of fact and conclusions of law. The court may require the prevailing party to submit a proposed order.

*Id.* A trial court may dispose of an application for writ of habeas corpus in one of two ways. *Ex parte Zantos-Cuebas*, 429 S.W.3d 83, 87-88 (Tex.App.--Houston [1st Dist.]. 2014, no pet.); *Ex parte Enriquez*, 227 S.W.3d 779 (Tex.App.--El Paso 2005, pet. ref'd). If the application is frivolous on its face, the trial court may enter a written order denying the application. To use this procedure, the trial court must look solely to the application itself, and those documents that may be attached to it. *Ex parte Zantos-Cuebas*, 429 S.W.3d at 88.

The second avenue for resolving the application contemplates something more, such as an evidentiary hearing. *Id.* art. 11.072, § 6(a). Unless the trial court disposes of the application

2

as being frivolous on its face, it "shall enter a written order including findings of fact and conclusions of law." *Id.* art. 11.072, § 7(a). Those findings should address all the disputed issues and not "merely repeat and restate the parties' arguments." *See Ex parte Flores*, 387 S.W.3d 626, 634 (Tex.Crim.App. 2012)(criticizing a trial court's findings of fact and conclusions of law which were largely a recitation of the evidence presented at the hearing and did nothing more than restate the parties' arguments).

Here, the order denying the petition for writ of habeas corpus does not include any findings of facts and conclusions of law, and nor does it indicate that the application was denied for being facially frivolous. The trial judge at the hearing discussed certain exhibits admitted at the hearing which were not part of the original application and its attachments. This suggests the trial court did not dismiss the application as frivolous on its face. If that is the case, Article 11.072, § 7(a) requires findings of fact and conclusions of law. From our review of the briefs filed by the parties, it has become apparent to this Court that the lack of such findings has hampered the parties' analysis of the two part test under *Strickland v. Washington*, 466 U.S. 668, 687-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) that both parties concede control this dispute.

We accordingly abate the appeal and remand the case for the trial court to clarify its order to indicate whether it intended to deny the application as frivolous, based only on the application and its attachments, and if not, to enter the requisite findings of fact and conclusion of law as required by Article 11.072, § 7(a).

The trial court shall, within thirty days after the date of this Order: (1) make appropriate orders and, if appropriate, enter findings of fact and conclusions of law; and (2) deliver any orders and findings of fact and conclusions of law to the trial court clerk. The trial court clerk shall: (1) prepare a supplemental clerks record containing all orders and findings of fact and

3

conclusions of law which the trial court renders or makes; and (2) file the supplemental clerks record with the clerk of this Court within thirty days after the date of this Order.

IT IS SO ORDERED THIS 12TH DAY OF DECEMBER, 2014.


PER CURIAM


Before McClure, C.J., Rodriguez, and Hughes, JJ.

4

# APPENDIX

# OPINION-JUNE 12, 2015



PETITIONER'S
EXHIBIT
C
tabbies



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|                      |   |                     |
|----------------------|---|---------------------|
|                      | § |                     |
|                      |   | No. 08-13-00298-CR  |
| EX PARTE:            | § |                     |
|                      |   | Appeal from the     |
|                      | § |                     |
|                      |   | 83rd District Court |
|                      | § |                     |
| JESUS ARANDA LUJAN.  |   | of Pecos County, Texas |
|                      | § |                     |
|                      |   | (TC#2936)           |
|                      | § |                     |
|                      |   |                     |
|                      | § |                     |
|                      |   |                     |
|                      | § |                     |

## OPINION

Jesus Aranda Lujan filed a Petition for Writ of Habeas Corpus challenging a plea of nolo contendere that he entered to a charge of aggravated sexual assault of a child. The petition, filed pursuant to TEX.CODE CRIM.PROC.ANN. art. 11.072 (West 2015), asserts that Lujan was not adequately informed of the immigration consequences of his plea as described in *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). From this, he contends he was denied effective assistance of counsel as explained in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

*Factual Summary*

Lujan was indicted for the aggravated sexual assault of a child younger than fourteen. The offense occurred on March 25, 2009. Lujan would have been 63 years old at the time. He

entered a plea of nolo contendere to that allegation on February 2, 2011, and under the terms of the plea, he received six years' deferred adjudication, a $2,500 fine, and 240 hours of community service. He also agreed to comply with some forty-nine terms for community supervision that included payment of various fees, compliance with a curfew, and compliance with special conditions for sex offenders. He was advised that if convicted of the charge, he would have faced a possible sentence of life imprisonment, or a term of not more than 99 years, but not less than five years, in addition to a fine of up to $10,000.

The date of the plea occurred after issuance of the Supreme Court's decision in *Padilla*, the seminal case outlining a defense counsel's obligation to advise clients about the immigration impact of a guilty plea. At the plea hearing, the trial court inquired about Lujan's immigration status:

> THE COURT: Mr. Lujan, are you a citizen of the United States?
>
> THE DEFENDANT: Not yet.
>
> THE COURT: Let me advise you that the sentence in this case might affect-- might have some effect on your status in this country. Do you understand this?
>
> MR. JOHNSON [Defendant's trial counsel]: Remember we went over that, that it's possible you could be deported? You understood that.
>
> THE DEFENDANT: Right. Yes.

Later at the same hearing, his plea counsel questioned Lujan:

> Q. [By Mr. Johnson]: I also advised you that you might be sent to deportation by the INS if something comes up in regards to this; is that correct?
>
> A. [by Defendant]: Yes.
>
> . . .
>
> Q. And you're asking the Judge to accept this plea because this is what you want to do, right?

2

A. Yes, sir.

. . .

Q. Even though you know there may be consequences later on; is that correct?

A. Yes, sir.

The plea papers contained the statutory admonishment patterned on TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(4)(West Supp. 2014):

> If you are not a citizen of the United States of America, a plea of guilty or nolo contendere (no contest) for or in connection with the offense with which you are changed [sic] in this case may result in your deportation, or your exclusion from admission to this country, or your denial of naturalization under federal law.

Lujan initialed this specific admonishment.

Some two years later, the Department of Homeland Security issued a Notice to Appear which summoned Lujan to a removal proceeding. It alleged that Lujan was a citizen of Mexico who was admitted to the United States in 1983 as an IR-1 immigrant, but that by virtue of his conviction on February 2, 2011, he was subject to removal from the United States. Lujan's plea of nolo contendere, resulting in deferred adjudication, is counted as a conviction for the purposes of federal immigration law. 8 U.S.C. § 1101(a)(48)(A); *U.S. v. Ramirez*, 367 F.3d 274, 277 (5th Cir. 2004)(deferred adjudication is included as a conviction). Under 8 U.S.C. § 1227(a)(2)(A)(iii), "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." The term "aggravated felony" is a defined term under the immigration statute and includes "murder, rape, or sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). In June 2013, Lujan was ordered removed from the United States.

Lujan filed his Petition for Writ of Habeas Corpus on June 21, 2013.[1] He attached to the Petition the affidavit of his habeas attorney attesting to the truth of the facts as alleged in the pleading; a notice for Lujan to appear in a federal removal proceeding; an Order of Deferred Adjudication reflecting his state court plea; an Order Imposing Conditions of Community Supervision; and his own affidavit (in Spanish and English). Mr. Lujan's affidavit claims:

> "I hired J.W. Johnson to represent me. Mr. Johnson did not advise me of the specific immigration consequences of pleading nolo contendre [sic]. I informed Mr. Johnson that I was a lawful permanent resident, not a citizen of the United States.

> "Mr. Johnson told me that this plea probably would not affect my immigration status. I have been a lawful permanent resident of the United States for thirty years. Deportation is the most severe penalty I could have gotten as a result. Had I known I would be deported, I would have fought my case and asked for a jury trial."

The trial court also had before it the court's file and plea paperwork from the underlying criminal case and the transcript of the plea hearing. After reviewing the pleadings and hearing argument, the trial court denied the application on October 2, 2013.

Lujan appealed and upon order of this Court, the trial court made findings of facts and conclusions of law on the two-part inquiry under *Strickland v. Washington*, 466 U.S. 668, 687–94, 104 S.Ct. 2052, 2064-68, 80 L.Ed.2d 674 (1984)(whether counsel's representation fell below an objective standard of reasonableness and whether there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different). The trial court did so and reaffirmed its denial of the application. In aid of developing those findings, the trial court solicited sworn testimony from Lujan's plea counsel who stated: "It is my habit and practice to inform clients who are not U.S. citizens of deportation consequences if they are

---

[1] Article 11.072 refers to the pleading as an "application." We use the terms application and petition interchangeably in this opinion.

4

subject to being convicted of a deportable offense. Due to the passage of time, I do not remember the specifics of my conversations with Mr. Lujan concerning the deportation consequences of his plea."

The trial court's findings of fact specifically found that the plea counsel's sworn statement was truthful and credible. The trial court found that Lujan's claim that he was told his plea would probably not affect his immigration status was not credible. At the hearing, the trial court specifically noted that Lujan's affidavit conflicted with his statements made in open court at the plea. The trial court's concluding findings read as follows:

> 9. The Court finds that Mr. Johnson advised Applicant of the deportation consequences of his plea, and that Applicant knowingly and voluntarily entered into his plea, disregarding deportation consequences and admonishments.
>
> 10. Therefore, the court finds that Applicant was not deprived of effective assistance of counsel under *Padilla* and suffered no prejudice by voluntarily waiving his right to trial and knowingly and voluntarily entering his plea of nolo contendere in this case.

### *Issue on Appeal*

Lujan brings forward one issue complaining that the trial court erred in finding plea counsel's performance constitutionally sufficient under *Padilla*. He contends that under applicable federal law, it was certain that his plea would result in his deportation and exclusion from the United States. Accordingly, the various warnings that he received from the judge who took the plea, his plea counsel, and the plea paperwork that he "might" or "could" be deported were insufficient. .

### *Standard of Review*

An applicant seeking relief by writ of habeas corpus must prove his claim by a preponderance of the evidence. *Ex parte Morrow,* 952 S.W.2d 530, 534-35 (Tex.Crim.App. 1997). When reviewing a trial court's ruling on an application for writ of habeas corpus, we

5

view the evidence presented in the light most favorable to the ruling, and we must uphold that ruling absent an abuse of discretion. *Ex parte Peterson,* 117 S.W.3d 804, 819 (Tex.Crim.App. 2003), *overruled on other grounds by Ex parte Lewis,* 219 S.W.3d 335 (Tex.Crim.App. 2007). A trial court only abuses its discretion when its ruling is arbitrary or unreasonable. *Manning v. State,* 114 S.W.3d 922, 926 (Tex.Crim.App. 2003). The mere fact that we might decide a discretionary matter in a different manner does not demonstrate an abuse of discretion. *Id.* The trial court's fact findings in a habeas proceeding will be afforded almost total deference, particularly when those findings are based on evaluations of credibility and demeanor. *Ex parte White,* 160 S.W.3d 46, 50 (Tex.Crim.App. 2004). To the extent the ultimate resolution of the application turns on an application of law, we review the determination *de novo. Ex parte Peterson,* 117 S.W.3d at 819.

*Analysis*

Lujan's claim is based on *Padilla* and we begin there. In that case, Padilla pled guilty to transporting a large quantity of marijuana. When later faced with deportation, he attacked the guilty plea contending his plea counsel had not advised him of the immigration consequences. *Id.* at 359, 130 S.Ct. at 1477-78. The United States Supreme Court agreed with Padilla, noting that legislative changes in 1996 made deportation "practically inevitable but for the possible exercise of limited remnants of equitable discretion vested in the Attorney General" when a non-citizen is convicted of particular offenses. *Id.* at 363-64, 130 S.Ct. at 1480.

In Padilla's case, the relevant immigration statute was 8 U.S.C. § 1227(a)(2)(B)(i) which the court viewed as "succinct, clear, and explicit in defining the removal consequence for Padilla's conviction." *Id.* at 368, 130 S.Ct. at 1483. By simply reading the statute, Padilla's attorney "could have easily determined" that his guilty plea would make him subject to

6

deportation, because the statute "specifically commands removal for all controlled substances convictions except for the most trivial of marijuana possession offenses." *Id.* According to the court, "when the deportation consequence is truly clear ... the duty to give correct advice is equally clear." *Id.* at 369, 130 S.Ct. at 1483.

Conversely, the court noted there were likely other situations in which the deportation consequences of a particular plea were less clear-cut. "Immigration law can be complex" and there could be "numerous situations in which the deportation consequences of a particular plea are unclear or uncertain." *Id.* In those situations, counsel "need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.*

Under this clear-consequences-clear-advice requirement, if the immigration statute commands removal for the offense, counsel must do more than suggest the defendant might be deported. Here, Lujan argues that his counsel failed to advise him that deportation was a near certainty, and not merely a possibility. This Court has held on a number of occasions that when the deportation consequences are certain, the advice requires more than a warning that deportation is possible. *Ex parte Ramirez*, No. 08-11-00073-CR, 2012 WL 3113140, at *3-4 (Tex.App.--El Paso Aug. 1, 2012, no pet.)(not designated for publication); *Ex parte Carpio-Cruz*, No. 08–10–00240–CR, 2011 WL 5460848, at *7 (Tex.App.--El Paso Nov. 9, 2011), *judgment vacated,* No. PD–1872–11, 2013 WL 1149964 (Tex.Crim.App. Mar. 20, 2013)(not designated for publication). The last time we so held, however, the petition for discretionary review was granted, and that issue is now pending before the Texas Court of Criminal Appeals. *Ex parte Torres,* No. 08–12–00244–CR, 2014 WL 1168929, at *1, *4 (Tex.App.--El Paso Mar. 21, 2014, pet. granted)(not designated for publication). Other courts of appeals have made

7

similar holdings with the petitions for review either being denied, granted on other grounds, or there was no petition filed. *See Ex parte Leal*, 427 S.W.3d 455, 461 (Tex.App.--San Antonio 2014, no pet.); *Ex parte Olvera*, 394 S.W.3d 572, 576 (Tex.App.--Dallas 2012), *rev'd on other grounds*, PD-1215-12, 2013 WL 1149926 (Tex.Crim.App. Mar. 20, 2013)(not designated for publication); *Ex parte Rodriguez*, 378 S.W.3d 486, 489 (Tex.App.--San Antonio 2012, pet. ref'd); *Aguilar v. State*, 375 S.W.3d 518, 524 (Tex.App.--Houston [14th Dist.] 2012), *rev'd on other grounds*, 393 S.W.3d 787, 788 (Tex.Crim.App. 2013); *Salazar v. State*, 361 S.W.3d 99, 103 (Tex.App.--Eastland 2011, no pet.); *Ex parte Tanklevskaya*, 361 S.W.3d 86, 96-97 (Tex.App.--Houston [1st Dist.] 2011), *rev'd on other grounds*, 393 S.W.3d 787 (Tex.Crim.App. 2013); *Ex parte Romero*, 351 S.W.3d 127, 131 (Tex.App.--San Antonio 2011), *rev'd on other grounds*, 393 S.W.3d 788 (Tex.Crim.App. 2013).

We save this issue for another day, because even if Lujan prevails on the mistake of counsel prong, he cannot overcome the no prejudice finding. *See Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."); *Williams v. State*, 301 S.W.3d 675, 687 (Tex.Crim.App. 2009), *cert. denied*, 560 U.S. 966, 130 S.Ct. 3411, 177 L.Ed.2d 326 (2010)(concluding that when a defendant fails to satisfy a prong of the *Strickland* standard, the trial court need not consider the other prong); *Ex parte Moreno*, 382 S.W.3d 523, 527 (Tex.App.--Fort Worth 2012, pet. ref'd).[2]

---

[2] We also decline to address the State's claim that Lujan's deportation was not certain, and thus his counsel could have given him a less than definitive warning about his exclusion. The State argues that under the Fifth Circuit decision in *U.S. v. Mondragon-Santiago*, 564 F.3d 357 (5th Cir. 2009) a Texas deferred adjudication for an assault did not meet the definition of an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F)(a crime of violence with a prison term of at least one year). We note that the aggravated felony that Lujan was charged with falls under 8 U.S.C. § 1101(a)(43)(A), which is a different subsection. Moreover, *Mondragon-Santiago* is an illegal re-entry case and does not directly address removal, or specifically removal under 8 U.S.C. § 1101(a)(43)(A), which does not require a specific term of confinement as does 8 U.S.C. § 1101(a)(43)(F).

8

The trial court made a specific finding that Lujan was not prejudiced by any advice he may have received from his plea counsel. To establish prejudice, the habeas applicant must prove that there is a "reasonable probability" that, but for counsel's errors, he would not have pled guilty. *Johnson v. State*, 169 S.W.3d 223, 231 (Tex.Crim.App. 2005); *see also Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). We have previously recognized that "[d]eprivation of a trial" stemming from a *Padilla* violation "is a structural defect, which amounts to a serious denial of the entire judicial proceeding itself, and it demands a presumption of prejudice." *Ex parte De Los Reyes*, 350 S.W.3d 723, 730 (Tex.App.--El Paso 2011), *rev'd on other grounds*, 392 S.W.3d 675 (Tex.Crim.App. 2013). "The focus of the prejudice inquiry ... is whether the defendant was deprived of a particular proceeding by counsel's deficient performance, not whether the outcome of that proceeding would have been favorable to the defendant." *Id.* at 731. "Therefore, the defendant must demonstrate that but for counsel's performance, he would have availed himself of the proceeding in question." *Id.* In assessing prejudice, "we are to consider the circumstances surrounding [the] guilty plea and the gravity of the advice that [the defendant] did not receive as it pertained to [the defendant's] plea determination." *Ex parte Tanklevskaya*, 361 S.W.3d at 97.

We do not find that the trial court abused its discretion in failing to find prejudice. The trial court's findings suggest that part of its prejudice analysis turned on the number and nature of the warnings that Lujan in fact did receive prior to making his plea. While there may not have been an instance where Lujan was definitely told that he would be deported, there are multiple other times he was told he might be. He was told once orally by the trial judge, once in writing through the plea papers, and two to three times by his plea counsel of the possible impact of the plea on his immigration status. A repeated warning that the plea could impact his immigration

9

status makes it more likely Lujan did in fact include the immigration consequence in his calculus of whether to accept a plea or take his case to trial. *See Ex parte Moreno*, 382 S.W.3d at 528 (considering nature of warnings actually given in prejudice analysis). This distinguishes this case from those instances where the immigration consequence was made more in passing, if at all. *Cf. Ex parte Torres*, No. 08-12-00244-CR, 2014 WL 1168929, at *2 (attorney spent probably less than a minute discussing immigration consequence of plea); *Ex parte De Los Reyes*, 350 S.W.3d at 731 (only admonishment on immigration consequence was in written plea papers).

Lujan also argues that he was prejudiced because his plea counsel could have pursued a plea deal without immigration consequences. He cites *Rodriguez v. Holder*, 705 F.3d 207 (5th Cir. 2013) which holds that a conviction under TEX.PENAL CODE ANN. § 22.011 (West 2011) does not necessarily involve a crime of violence for deportation purposes. In *Rodriguez*, however, the individual was indicted and plead guilty under Section 22.011(a)(1) which governs sexual assaults generally. 705 F.3d at 212. For a conviction under Section 22.011(a) to qualify as a conviction meriting exclusion, it must qualify as a crime of violence, which was the deciding issue before the court in *Rodriguez*. *Id.* The *Rodriguez* court specifically noted that the defendant there had not been indicted under Section 22.011(a)(2) which covers sexual assaults of children aged fourteen to seventeen. *Id.* Lujan was indicted under Section 22.021(a)(2)(B) which is specific to sexual assaults of children under fourteen. Sexual abuse of a minor is specifically defined as an aggravated felony for exclusion purposes and does not require the crime of violence finding at issue in *Rodriguez*. 8 U.S.C. § 1101(a)(43)(A). The Fifth Circuit has also explained that the term "sexual abuse of a minor," is broadly defined and applied. *Ramos-Garcia v. Holder*, 483 Fed.Appx. 926, 929-30 (5th Cir. 2012). For Lujan to have avoided

the immigration consequences of the plea, the district attorney and trial court would have had to permit a plea which alleged a different crime than the one in the indictment, and which wholly ignored that the victim was younger than fourteen at the time of the offense. There is nothing in the record to suggest the State would have acceded to that request and Lujan has simply failed to meet his burden to show prejudice in this regard. *See Ex parte Moreno*, 382 S.W.3d at 528 (no prejudice shown where defendant failed to show different plea deal was possible).

The record does not contain any information about the relative strength or weakness of the State's case against Lujan. The record does indicate that Lujan was facing a serious offense with a penalty range which could have easily resulted in his living out his remaining days in prison. He was 65 on the date of the plea and the charge carried a five year to life sentence. The plea deal resulted in no jail time, a modest period of probation, and a modest fine. Faced with such a serious potential penalty, it was reasonable for Lujan to have accepted the plea even in the face of almost certain exclusion from the United States.

Finally, we note that the trial court made a specific credibility determination, discounting Lujan's claim that he was told his plea would probably *not* affect his immigration status. The record shows that the trial judge taking the plea, his own lawyer, and the plea paperwork gave him diametrically opposite advice. Given the apparent contradiction in one part of his affidavit, the trial court could have concluded that his other claim--that he would have risked trial--was simply not believable. *See Ex parte Victorio*, No. 05–11–01008–CR, 2012 WL 286803, at *6 (Tex.App.--Dallas Feb. 1, 2012, pet. ref'd)(not designated for publication)(adverse credibility determination undermined prejudice claim); *Ex parte Moreno*, 382 S.W.3d at 528 (same). Lujan's affidavit was the primary evidence he offered to support a claim of prejudice and once his credibility was tarnished, so to was that evidence of prejudice.

11

In summary, the trial court did not abuse its discretion in finding that Lujan was not prejudiced by the immigration advice that he was given. We overrule his sole issue and affirm the order denying habeas corpus relief.

ANN CRAWFORD McCLURE, Chief Justice

June 12, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

# APPENDIX

# MOTION FOR

# REHEARING



PETITIONER'S
EXHIBIT
D

# Case No. 08-13-00298-CR

In the

# COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

*El Paso, Texas*

## EX PARTE:
## JESUS ARANDA LUJAN,
*Appellant,*

Appeal from the 83rd District Court
of Pecos County, Texas
Trial Court Cause No. P-2936-83-CR

## MOTION FOR REHEARING

**STEVE SPURGIN**
Attorney at Law
Texas Bar No. 18974350
Post Office Drawer 1471
Marfa, Texas 79843
T 432.729.3731
F 432.729.3730
steve@spurginlaw.com
*Attorney for Appellant,*
*Jesus Aranda Lujan*

**Oral Argument Requested**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES…………………………..……………..…......ii

ARGUMENT………………………………………………...……...1

PRAYER……………………………………..………….…......5

CERTIFICATE OF SERVICE………………………………...…...7

CERTIFICATE OF COMPLIANCE……………………………....7

# INDEX OF AUTHORITIES

## Cases

*Ex parte de Los Reyes,*
    350 S.W.3d 723 (Tex. App.—El Paso 2011) *rev'd, Ex Parte de Los Reyes,* 392 S.W.3d 675
    (Tex. Crim. App. 2013)............................................................................................................ 5

*Padilla v. Kentucky,*
    559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010)..................................................... 1, 2

*State v. Favela,*
    4343 P.3d 178, 184, 2015 NMSC 005 (2015) ........................................................................ 3

*Strickland v. Washington,*
    466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) .......................................................... 1

*United States v. Urias-Marrufo,*
    744 F.3d 361, 369 (5th Cir.2014) .......................................................................................... 3

*Ex parte Blanca Ramirez,*
    2012 WL 3113140 (Tex.App. – El Paso, 2012, unpublished)................................................ 4

## Statutes and Rules

Texas Code of Criminal Procedure art. 26.13............................................................................ 3,4

Texas Rules of Appellate Procedure, rule 49.1............................................................................. 1

## Other Authorities

16A C.J.S. Constitutional Law § 567 .......................................................................................... 5

## APPELLANT'S MOTION FOR REHEARING

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW Jesus Aranda Lujan, Appellant, and files this motion for rehearing pursuant to Rule 49.1, Texas Rules of Appellate Procedure, to wit:

## ARGUMENT

### Due Process

This is a post-conviction case brought pursuant to *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). On June 12, 2015, this Court affirmed the order of the habeas court denying relief. However, the Court's decision was issued without providing Appellant the opportunity to brief the issues upon which the Court based its decision, thereby denying Appellant due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 20 of the Texas Constitution.

Here is why:

After the parties submitted their respective opening briefs and after Appellant submitted his reply brief, this Court ordered the habeas court to enter Findings of Fact and Conclusions of Law and for the habeas court to order Appellant's plea counsel to submit an affidavit addressing Appellant's arguments. Based upon such Findings, Conclusions and plea counsel's affidavit in the supplemental record, this Court determined that Appellant had not met his burden

1

to show prejudice under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and reserved "for another day" the issue of whether defense counsel must comply with the mandate of the United States Supreme Court that accurate immigration advice must be given a non-citizen defendant when the consequences of pleading guilty "are succinct, clear and explicit in defining the removal consequences" of the defendant's plea. *Padilla*, 559 U.S. at 368-69, 130 S. Ct. at 1483.

This Court determined that Appellant hadn't proven prejudice, the second prong of the *Strickland* analysis, because

- the trial court complied with the immigration admonishments set forth in Article 26.13(a)(5),(d), Texas Code of Criminal Procedure;

- Plea counsel stated that he warned Appellant of "possible immigration consequences"/"it's possible that you could be deported";

- Appellant was not credible because he stated in an affidavit that plea counsel told him that he "probably would not" be deported.

This Court did not provide Appellant with the opportunity to present his arguments and authorities contrary to such findings/conclusions *prior* to this Court's opinion being issued. This is because, as set forth above, briefs were submitted *prior* to the creation of the habeas court's Findings of Fact and Conclusions of Law and the manufacture of plea counsel's affidavit. In other

2

words, Appellant was not given the opportunity to present his side before this Court ruled against him. That violates due process and this Court must grant this motion and allow Appellant (and the State) to brief the issues raised in the supplements to the record as set forth herein.

For instance, this Court thought it very important that because the trial court complied with the immigration admonishments required in Article 26.13(a)(5),(d) of the Texas Code of Criminal Procedure, Appellant did not suffer *Strickland* prejudice. *See* Court's Opinion at 9 ("The trial court made a specific finding that Lujan was not prejudiced by any advice he may have received from his plea counsel. … He was told once orally by the trial judge, once in writing through the plea papers …" ) If Appellant had been given the opportunity, he would have provided authority that a trial court's immigration advice – or required admonishment – is not dispositive in the *Padilla/Strickland* analysis. *See United States v. Urias-Marrufo*, 744 F.3d 361, 369 (5th Cir.2014)[1] (holding that under *Padilla*, it is "counsel's duty, not the court's, to warn of certain immigration consequences"); *see also New Mexico v. Favela*, 343 P.3d 178, 184, 2015 NMSC 005 (2015) (holding that a judicial warning made during a plea colloquy about the immigration consequences of the plea is insufficient to cure counsel's deficient performance and cannot by itself cure the prejudice that results therefrom).

---

[1] Undersigned counsel represented Ms. Urias-Marrufo and argued the case before the Fifth Circuit.

3

This Court further opined on the habeas court's finding that Appellant was incredible because Appellant's affidavit stated that plea counsel told Appellant that he probably would not be deported and plea counsel stated that Appellant might be deported. "Possible" adverse immigration consequences are required to be signed off by plea counsel under Section 26.16(d), Texas Code of Criminal Procedure. There is no tension here. "Might" or "maybe" or "probably not" are terms certainly encompassed with the range of possible outcomes (as opposed to the mandatory immigration consequences resulting from the guilty plea) and do not in themselves, without any determination of the demeanor of the affiants or consideration of the situs in which the statements were made, mandate or even support an adverse credibility determination by the habeas court. The habeas court did not evaluate the demeanor of Appellant – Appellant was detained in an immigration prison at the time of the hearing. Nor did the habeas court evaluate that of trial counsel, who did not testify at the habeas hearing. *See Ex parte Blanca Ramirez*, 2012 WL 3113140 (Tex.App. – El Paso, 2012)(unpublished)("the trial court expressed concerns about the admonishments given by [trial counsel] and found that Appellee was given incorrect legal advice."). Appellant was not provided the opportunity by this Court to brief these issues prior to the Court's opinion affirming the habeas court's denial of his post-conviction writ. To be clear, the habeas court did not rule on the prejudice prong in its initial order denying

4

Appellant's post-conviction writ. RR 34-35. The habeas court did not address "prejudice" until it submitted, pursuant to this Court's remand order, Findings of Fact and Conclusions of Law. The habeas court never addressed this Court's precedent that "[D]eprivation of a trial is a structural defect, which amounts to a serious denial of the entire judicial proceeding itself, and it demands a presumption of prejudice." *Ex parte de Los Reyes*, 350 S.W.3d 723, 730 (Tex. App.—El Paso 2011) *rev'd, Ex Parte de Los Reyes*, 392 S.W.3d 675 (Tex. Crim. App. 2013) (holding that *Padilla* is not retroactive). The State wholly failed to rebut this presumption at the habeas hearing. RR 30-32. But these issues were not fully briefed prior to this Court's opinion because Appellant was not given the opportunity. "In a judicial context, due process requires a proceeding 'adopted to the nature of the case, in which the party has an opportunity to be heard and to defend, enforce and protect his rights.'" 16A C.J.S. Constitutional Law § 567. Due process demands a rehearing for Appellant to present his authorities and argument in support of his post-conviction writ *vis a vis* the supplemented record.

## **PRAYER**

FOR THESE REASONS, Jesus Aranda Lujan, prays that this Honorable Court grant this motion for rehearing and allow the parties to brief the issues presented in the record, or in the alternative, reverse the habeas court and vacate the deferred adjudication order. Appellant prays for general relief.

5

Respectfully submitted,


*/s/Steve Spurgin*
**STEVE SPURGIN**
Texas Bar No. 18974350
Post Office Drawer 1471
Marfa, Texas 79843
T (432) 729-3731
F (432) 729-3730
E steve@spurginlaw.com

El Paso Office:
8300 Montana Ave.
El Paso, Texas 79925
T (915) 779-2800
F (915) 779-2801
E steve@spurginlaw.com

*Attorney for Appellant,*
*Jesus Aranda Lujan*

6

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 27th day of June 2015 a copy of the foregoing motion for rehearing was sent by U.S. Mail and electronic service to Arvel R. (Rod) Ponton, 83rd District Attorney, 400 South Nelson, Fort Stockton, Texas 79736 and at rod.83rd@att.net.

*/s/Steve Spurgin*
**STEVE SPURGIN**

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion for rehearing consists of 1,487 words according to the Word Count program on Microsoft Word and is typed in 14-point Times New Roman font.

*/s/Steve Spurgin*
**STEVE SPURGIN**

# APPENDIX

# DENIAL OF REHEARING



PETITIONER'S
EXHIBIT

E



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| EX PARTE: | § | No. 08-13-00298-CR |
|  | § | Appeal from the |
|  | § | 83rd District Court |
| JESUS ARANDA LUJAN. | § | of Pecos County, Texas |
|  | § | (TC#2936) |

## ORDER

The Appellant's motion for rehearing, having been duly considered, is denied. Accordingly, it is ORDERED that said motion be and it is hereby denied.

IT IS SO ORDERED THIS 15TH DAY OF JULY, 2015.


ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

# APPENDIX

# CLERK'S 4TH SUPPLEMENTAL RECORD



PETITIONER'S
EXHIBIT

F

# CLERK'S 4ᵀᴴ SUPPLEMENTAL RECORD
## VOLUME ONE OF ONE

Trial Court Cause No: P-2936-83-CR
In the 83ᴿᴰ District Court of Pecos County, Texas
Honorable ROBERT E. CADENA, Presiding Judge

---

### THE STATE OF TEXAS
### VS
### JESUS ARANDA LUJAN

---

Appealed to the
Court of Appeals for the Eighth District of Texas, El Paso, Texas

---

| | |
|---|---|
| Attorney for State: | ROD PONTON |
| Address: | 400 S. Nelson Street, Fort Stockton TX 79735 |
| Telephone: | 432/336-3322 |
| SBOT Number: | 16115170 |

| | |
|---|---|
| Attorney for Appellant: | STEVE SPURGIN |
| Address: | 310 N. Mesa Ste. 300, Cortez on the Plaza, El Paso, TX 79901 |
| Telephone: | 915/779-2800 |
| SBOT Number: | 18974350 |

---

Mailed to the
Court of Appeals for the Eighth District of Texas, at El Paso, Texas
On the _____ 20TH _____ day of _____ March _____ 2015

GAYLE HENDERSON
District Clerk, Pecos County
BY: _____
Aracely Graves, Deputy

---

Appellate Court Cause No: 08-13-00298-CR
Filed in the Court of Appeals for the Eighth District of Texas, at El Paso, Texas
This_____ day of _____ 2015

DENISE PACHECO, Clerk

By: _____
Deputy





March 20, 2015

Denise Pacheco, Clerk
Court of Appeals, Eighth District of Texas
El Paso County Courthouse
500 E San Antonio Ave Suite 1203
El Paso TX 79901-2401

RE:    TRIAL COURT CAUSE NUMBER: P-2936-83-CR
        APPELLATE COURT CAUSE NUMBER: 08-13-00298-CR

STYLE: THE STATE OF TEXAS VS JESUS ARANDA LUJAN

Dear Clerk:

Enclosed please find the clerk's 4th supplemental record on the above listed cause. I respectfully ask you accept this record as we are still unable to submit electronically.

Sincerely,
GAYLE HENDERSON
DISTRICT CLERK

BY:
Aracely Graves, Deputy

xc:    Rod Ponton, 83rd District Attorney
      Steve Spurgin, Attorney for appellant

Certified Mail #7011 2970 0002 6037 0867
Return Receipt Requested

CAUSE NO. P-2936-83-CR

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS | § | PECOS COUNTY, TEXAS |
| | § | |
| JESUS ARANDA LUJAN | § | 83RD JUDICIAL DISTRICT |

# INDEX

STYLE OF CASE.................................................................................................................001

AFFIDAVIT OF J.W. JOHNSON.................................................................................................002
MARCH 20, 2015

CLERK'S CERTIFICATE

The State of Texas

County of Pecos

In the 83RD Judicial District Court of Pecos County, Texas, the Honorable Robert E. Cadena, presiding, the following proceedings were held and the following instruments and other papers were filed in this cause to wit:

## CAUSE NO. P-2936-83-CR

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS** | § | **PECOS COUNTY, TEXAS** |
| | § | |
| **JESUS ARANDA LUJAN** | § | **83RD JUDICIAL DISTRICT** |

NO. 2936

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE DISTRICT COURT** |
| | § | |
| **vs.** | § | **83rd JUDICIAL DISTRICT** |
| | § | |
| **JESUS LUJAN** | § | **PECOS COUNTY, TEXAS** |

## AFFIDAVIT OF J.W. JOHNSON

My name is J.W. Johnson, I am over the age of twenty-one (21) years. I am a licensed attorney in the State of Texas.

I was retained by Mr. Jesus A. Lujan to represent him for the offense of aggravated sexual assault of a child in the 83rd Judicial District Court of Pecos County, Texas.

It is my habit and practice to inform clients who are not U.S. citizens of deportation consequences if they are subject to being convicted of a deportable offense.

Due to the passage of time, I do not remember the specifics of my conversations with Mr. Lujan concerning the deportation consequences of his plea.

J.W. Johnson

Sworn to and subscribed before me on March 20, 2015.

**VERONICA MARTINEZ**
Notary Public, State of Texas
My Commission Expires 08-29-2018

NOTARY PUBLIC

CLERK'S CERTIFICATE

THE STATE OF TEXAS

COUNTY OF PECOS

I, Gayle Henderson, Clerk of the District Court of Pecos County, Texas, do hereby certify that the record in Cause No. P-2936-83-CR and styled:

THE STATE OF TEXAS
VS.
JESUS ARANDA LUJAN

In the District Court of Pecos County, Texas, appears of record as manifest, to which this certification is attached thereto and made a part thereof, contains a true and correct transcript of all matters and proceedings had and done in said cause.

GIVEN UNDER MY HAND AND OFFICIAL SIGNATURE AND SEAL of office at Pecos County, Texas, this the 20th day of March 2015.

GAYLE HENDERSON
District Clerk, Pecos County

BY: _____
Aracely Graves, Deputy

# APPENDIX

# CLERK'S 5TH SUPPLEMENTAL RECORD



PETITIONER'S EXHIBIT G

# CLERK'S 5TH SUPPLEMENTAL RECORD
# VOLUME ONE OF ONE

Trial Court Cause No: P-2936-83-CR
In the 83RD District Court of Pecos County, Texas
Honorable ROBERT E. CADENA, Presiding Judge

---

## THE STATE OF TEXAS
## VS
## JESUS ARANDA LUJAN

---

Appealed to the
Court of Appeals for the Eighth District of Texas, El Paso, Texas

---

Attorney for State:         ROD PONTON
Address:                    400 S. Nelson Street, Fort Stockton TX 79735
Telephone:                  432/336-3322
SBOT Number:                16115170

Attorney for Appellant:     STEVE SPURGIN
Address:                    310 N. Mesa Ste. 300, Cortez on the Plaza, El Paso, TX 79901
Telephone:                  915/779-2800
SBOT Number:                18974350

---

Mailed to the
Court of Appeals for the Eighth District of Texas, at El Paso, Texas
On the _____ day of _____ 2015

GAYLE HENDERSON
District Clerk, Pecos County
BY: _____
Aracely Graves, Deputy

---

Appellate Court Cause No: 08-13-00298-CR
Filed in the Court of Appeals for the Eighth District of Texas, at El Paso, Texas
This_____ day of _____ 2015

DENISE PACHECO, Clerk

By: _____
Deputy



*Gayle Henderson*

*Pecos County District Clerk*
*Alex R. Gonzalez Judicial Building*
*400 S. Nelson*
*Fort Stockton, TX 79735*

April 7, 2015

Denise Pacheco, Clerk
Court of Appeals, Eighth District of Texas
El Paso County Courthouse
500 E San Antonio Ave Suite 1203
El Paso TX 79901-2401

RE:     TRIAL COURT CAUSE NUMBER:  P-2936-83-CR
        APPELLATE COURT CAUSE NUMBER: 08-13-00298-CR

STYLE: THE STATE OF TEXAS VS JESUS ARANDA LUJAN

Dear Clerk:

Enclosed please find the clerk's 5th supplemental record on the above listed cause. I respectfully ask you accept this record as we are still unable to submit electronically.

Sincerely,
GAYLE HENDERSON
DISTRICT CLERK

BY: _____
    Aracely Graves, Deputy

xc:     Rod Ponton, 83rd District Attorney
        Steve Spurgin, Attorney for appellant

Certified Mail #7011 2970 0002 6037 0881
Return Receipt Requested

CAUSE NO. P-2936-83-CR

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS | § | PECOS COUNTY, TEXAS |
| | § | |
| JESUS ARANDA LUJAN | § | 83RD JUDICIAL DISTRICT |

# INDEX

STYLE OF CASE..............................................................................................................................001

ORDER DENYING RELIEF PURSUANT TO TCCP ARTICLE 11.072..............................................002
MARCH 30, 2015

CLERK'S CERTIFICATE

The State of Texas

County of Pecos

In the 83RD Judicial District Court of Pecos County, Texas, the Honorable Robert E. Cadena, presiding, the following proceedings were held and the following instruments and other papers were filed in this cause to wit:

## CAUSE NO. P-2936-83-CR

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS** | § | **PECOS COUNTY, TEXAS** |
| | § | |
| **JESUS ARANDA LUJAN** | § | **83RD JUDICIAL DISTRICT** |

NO. 08-13-00298-CR

EX PARTE                          §        IN THE DISTRICT COURT OF

                                  §        83RD JUDICIAL DISTRICT

JESUS ARANDA LUJAN                §        PECOS COUNTY, TEXAS

## ORDER DENYING RELIEF PURSUANT
## TO TCCP ARTICLE 11.072

Applicant, **Jesus Aranda Lujan**, has filed, through his attorney, Steve Spurgin, an application for post-conviction application for writ of habeas corpus pursuant to **Article 11.072, Texas Code of Criminal Procedure**. The Court has determined that relief should be **denied**.

## HISTORY OF THE CASE

On or about February 2, 2011, Applicant ("Lujan") entered a plea of nolo contendere to the offense of Aggravated Sexual Assault of a Child – a 1st Degree Felony. The trial court admonished Lujan as to the consequences of entering a plea including the possible immigration consequences of entering a plea to the charge. (Plea transcript p.3, lines 13-24). Later in the same plea, Defense counsel also advised the Applicant that deportation by the INS was possible. (Plea transcript p. 8, lines 8-22).

In the Court's written admonishments under Article 26.13(d), Code of Criminal Procedure, paragraph (6), the Applicant was specifically admonished "If you are not a citizen of the United

1

States of America, a plea of guilty or nolo contendere (no contest) for or in connection with the offense with which you are changed (sp.) in this case may result in your deportation, or your exclusion from admission to this country, or your denial of naturalization under federal law." The document bears the initials of J.L in the box next to the admonishment. (Vol. 43, page 248).

The finding of guilt was suspended and the Applicant was placed on deferred adjudication supervision for a period of six (6) years, ordered to pay a fine of $2,500, perform 240 hours of community service restitution and to pay $540 in costs of court. The Defendant was subsequently deported from the United States back to his home country of Mexico pursuant to the immigration laws of the United States.

1. Applicant filed this writ application on June 21, 2013. The District Court responded by finding that Applicant's attorney's performance did not fall below an objective standard of reasonableness addressing the first prong of *Strickland v. Washington*, 466 U.S. 668 (1984).

2. The Appellate Court now asks this Court to address the "prejudice" prong of *Strickland* to wit: Whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984).

2

## ALLEGATIONS OF APPLICANT

Applicant claims that his trial counsel, J.W. Johnson, failed to advise him of the specific immigration consequences of pleading nolo contendere and that the Court should allow him to withdraw his nolo contendere plea and vacate the deferred adjudication/community supervision order entered herein.

Applicant claims that his counsel advised him this plea would probably not affect his immigration status and that had he known he would be deported, he would have fought his case and asked for a jury trial.

## FINDINGS OF FACT

1. On or about February 2, 2011, Applicant entered a plea of nolo contendere to the charge of Aggravated Sexual Assault of a Child.

2. The Applicant was admonished by the Court and his counsel of immigration consequences during his plea:

   THE COURT: Mr.Lujan, are you a citizen of the United States?

   THE DEFENDANT: Not yet.

   THE COURT: *Let me advise you that the sentence in this case may affect ---might have some effect on your status in this country. Do you understand this?*

3

*MR. JOHNSON (Defendant's trial counsel): Remember we went over that, that it's possible you could be deported? You understood that.*

*THE DEFENDANAT: Right. Yes.* (Transcript of plea, page 3, lines 13-23).

3. The Applicant was again admonished by his defense counsel as to the effect on immigration status of entering his plea:

Q. (By Mr. Johnson): *I also advised you that you might be sent to deportation by the INS if something comes up in regards to this; is that correct?*

A: (by Defendant): *Yes.*

Q. And you're doing all of this freely and voluntarily because this is what you want to do today?

A. Yes, sir.

Q. And you're asking the Judge to accept this plea because this is what you want to do, right?

A. Yes, sir.

Q. You don't intend to appeal it, you want to take care of business today, right?

A. Yes, sir.

*Q. Even though you know there may be consequences later on; correct?*

*A. Yes, sir. (plea transcript, page 10, lines 8-23).*

4

4. The Applicant was duly admonished, in writing, prior to the entry of his plea, pursuant to Article 26.13(d), Texas Code of Criminal Procedure, that:

*"If you are not a citizen of the United States of America, a plea of guilty or nolo contendere (no contest) for or in connection with the offense with which you are changed (sp.) in this case may result in your deportation or your exclusion from admission to this country, or your denial of naturalization under federal law."* (Vol. 43 page 248, paragraph (6)). The document bears the initials of the Applicant in the box next to said paragraph.

5. Applicant pled nolo contendere pursuant to a plea bargain agreement to the offense of aggravated sexual assault of a child less than 14 years of age. A finding of guilt was deferred, and the Applicant was placed on six years community supervision, ordered to pay a fine of $2,500, perform 240 hours of community service restitution and to pay $540 in costs of court.

6. Applicant signed the document entitled *Statements, Waivers, and Judicial Confession of the Defendant* on February 2, 2011. In said document, Applicant signed specifically stating that he waived right to trial by jury (paragraph 10); He had not been threatened coerced or placed in fear by any person to induce his plea (paragraph 11); That he had received no promise from the prosecutor, his attorney, or the Court which

5

were not set forth in the plea bargain document (paragraph 11); That the entry of his plea was because he was guilty of the offense to which he was pleading guilty and for no other reason (paragraph 11); and that he was satisfied with the advice and representation of his attorney(paragraph 14).

7. Based on the Applicant's allegations raised in his writ application and supporting memorandum, the court requested a sworn affidavit from Applicant's counsel, J.W. Johnson.

8. The court received an affidavit from Applicant's counsel, J.W. Johnson.   In his affidavit, Mr. Johnson as follows, in pertinent part:

> "I was retained by Mr. Jesus A. Lujan to represent him for the offense of aggravated sexual assault of a child in the 83rd Judicial District Court of Pecos County, Texas.
> It is my habit and practice to inform clients who are not U.S. citizens of deportation consequences if they are subject to being convicted of a deportable offense.
> Due to the passage of time, I do not remember the specifics of my conversations with Mr. Lujan concerning the deportation consequences of his plea."

9. The court finds Mr. Johnson's affidavit to be truthful and credible.

## CONCLUSIONS OF LAW

1. Applicant asserts that his counsel was ineffective for

6

failing to inform him of the immigration consequences of his plea. Applicant alleges that his guilty plea was involuntary, citing to *Padilla v. Kentucky*, 559 U.S. 356 (2010).

2. Under the two-prong standard for reviewing ineffective assistance of counsel claims, the Applicant must show that (1) counsel's representation fell below an objective standard of reasonableness; *and* (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984).

3. In *Padilla v. Kentucky,* the Court stated that a defendant is entitled to effective assistance of counsel before deciding whether to plead guilty. (*citing to Strickland v. Washington,* 466 U.S. 688, 104 S.Ct. 2052 80 L.Ed.2d 674 (1984).) The Court in *Padilla* held that counsel must inform his client whether his plea carries a risk of certain deportation.

4. In *Padilla*, the Supreme Court only addressed the deficient performance prong of *Strickland*, leaving the lower courts to formulate their own approaches to the issue of prejudice. 559 U.S. at 360, 130 S.Ct. at 1478. The 8th Court of Appeals has previously rejected a solely merits-based prejudice analysis, recognizing that "[d]eprivation of a trial" stemming from a *Padilla* violation "is a structural defect, which amounts to a serious denial of the entire judicial proceeding itself, and

7

it demands a presumption of prejudice." *Ex parte De Los Reyes*, 350 S.W.3d 723, 730 (Tex.App.--El Paso 2011, pet. granted), rev'd on retroactivity grounds, 392 S.W.3d 675 (Tex.Crim.App. 2013). "The focus of the prejudice inquiry . . . is whether the defendant was deprived of a particular proceeding by counsel's deficient performance, not whether the outcome of that proceeding would have been favorable to the defendant." Id. at 731. "Therefore, the defendant must demonstrate that but for counsel's performance, he would have availed himself of the proceeding in question." *Id.* In assessing prejudice, "we are to consider the circumstances surrounding [the] guilty plea and the gravity of the advice that [the defendant] did not receive as it pertained to [the defendant's] plea determination." *Ex parte Tanklevskaya*, 361 S.W.3d at 97.

5. The trial court is not required to hold a hearing under Article 11.072 before rendering its decision on the relief sought. *See Ex parte Hollowell,* 2012 WL 1959309 (Tex.App.—Austin 2012, pet. ref'd), *citing to Ex parte Cummins,* 169 S.W.3d 752, 757 (Tex.App.—Fort Worth 2005, no pet.) *See also Ex parte Davila,* 530 S.W.2d 543, 545 (Tex.Crim.App. 1975)(The statute's permissive construction means that a hearing is not required.); *Ex parte Rabago,* 2012 WL 3678593 (Tex.App.—Houston [14th Dist.] 2012, pet. ref'd)("An evidentiary hearing likely would reveal nothing more about trial counsel's actions and advice than is

8

already reflected in trial counsel's affidavit.").

6. Based upon Mr. Johnson's affidavit, which this court has found to be truthful and credible, the court finds that Applicant was not denied effective assistance of counsel.

7. The court also finds that the Applicants affidavit as **not** credible wherein he states "Mr. Johnson told me that this plea probably not affect my immigration status." (Clerk's Record Volume 1, page 55). Said statement is contrary to the Trial Court transcript as cited above and the Court documents executed by the Applicant.

8. The Court finds that the Applicant judicially confessed and stipulated that in Pecos County, Texas, on or about March 25, 2009, I did then and there, intentionally or knowingly cause the penetration of the sexual organ of m.r., a child who was then and there younger than 14 years of age and not the spouse of the defendant, with his finger and penis. (Statements, Waivers, Judicial Confession of the Defendant, paragraph 13). Said paragraph bears the initials of the Applicant.

9. The Court finds that Mr. Johnson advised Applicant of the deportation consequences of his plea, and that Applicant knowingly and voluntarily entered into his plea, disregarding deportation consequences and admonishments.

10. Therefore, the court finds that Applicant was not deprived of effective assistance of counsel under *Padilla* and suffered no

9

prejudice by voluntarily waiving his right to trial and knowingly and voluntarily entering his plea of nolo contendere in this case.

**Therefore, the court DENIES Applicant's 11.072 application for writ of habeas corpus.**

<u>O R D E R S</u>

The District Clerk of Pecos County, Texas, is hereby ordered to prepare a copy of this document, together with any attachments and forward the same to the following persons by mail or the most practical means:

a. Court of Appeals
Eight District of Texas
El Paso County Courthouse
500 E. San Antonio Avenue Suite 1203
El Paso, Texas  79901-2408

b. Hon. Rod Potton
District Attorney
83rd District Attorney's Office
123 N. 6th Street
Alpine, Texas 79830

c. Hon. Steve Spurgin
Spurgin Law Firm
310 N. Mesa, Suite 300
Cortez on the Plaza
El Paso, Texas 79901

SIGNED, ORDERED and DECREED on _March 3°, 2015_.

_____
**JUDGE ROBERT E. CADENA**
83RD Judicial District Court
Pecos County, Texas

10

CLERK'S CERTIFICATE

THE STATE OF TEXAS

COUNTY OF PECOS

I, Gayle Henderson, Clerk of the District Court of Pecos County, Texas, do hereby certify that the record in Cause No. P-2936-83-CR and styled:

THE STATE OF TEXAS
VS.
JESUS ARANDA LUJAN

In the District Court of Pecos County, Texas, appears of record as manifest, to which this certification is attached thereto and made a part thereof, contains a true and correct transcript of all matters and proceedings had and done in said cause.

GIVEN UNDER MY HAND AND OFFICIAL SIGNATURE AND SEAL of office at Pecos County, Texas, this the 7th day of April 2015.

GAYLE HENDERSON
District Clerk, Pecos County

By: _____
Aracely Graves, Deputy